## BAID v. SPENCE.

(City Court of New York, General Term. May 18, 1894.)

1. PAYMENT—EVIDENCE.

A plea of payment is not sustained by the evidence where it appears that, after service of the summons and complaint, defendant sent his check to plaintiff for the principal sum due, receipt of which plaintiff's attorney acknowledged, stating that unless defendant paid the accrued interest, and costs, he would take judgment, and credit the amount of the check on the execution, to which defendant made no reply.

2. SAME—PRESUMPTIONS.

Where a debtor gives his check for the amount of the debt, there is no presumption that it was received in satisfaction of the debt.

Appeal from trial term.

Action by Matthew Baid against John Spence. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

John Mulholland, for appellant.

J. Woolsey Shepard, for respondent.

VAN WYCK, J. The summons and complaint were served upon the defendant on January 11, 1894; and the complaint alleges sale and delivery by plaintiff's assignor, of goods, at an agreed price of $135.10, to defendant, on September 30, 1893, on which day the same became due and payable, and demanded judgment for such amount, with interest from such last-mentioned day. The defendant's answer denied the assignment to plaintiff, and that any sum was due, and pleaded payment. Thus, plaintiff was forced to trial, to make good his cause of action, as well as to meet this affirmative plea. However, at trial, which was by the court without jury, defendant conceded the copartnership of plaintiff's assignors, the assignment to him for benefit of creditors, and his qualifying as such assignee, and thereupon undertook the burden of proving his affirmative defense of payment. And his proof is that on January 12th, the day after the summons and complaint were served upon him, he drew his own check to order of plaintiff for $135.10, and sent it to him; that on the same day he received a letter from plaintiff's attorney, saying: "Check for $135.10 received. I will credit this amount upon the judgment in this action, when taken, unless I receive the interest ($2.27) on the amount, and costs ($16.75), to date, before the time for answering expires. If I fail to hear from you, I will take judgment for the entire amount, and credit you on the execution $135.10,"—and that he made no answer to this letter, or objection to the proposition therein contained.

Defendant's failure to object was his assent to plaintiff's proposition; and if plaintiff had retained the check, and collected the same, the defendant must pay the penalty, by costs, of forcing plaintiff to trial by his denying material allegations of the complaint. But it appears that plaintiff did not retain and collect the check, for defendant, at trial, produces the same, unindorsed by plaintiff, although drawn to his order, and had it marked in evidence as his (de-

fendant's) Exhibit A; and he then testifies, "I did have funds in the New York County Bank to meet that check, and I have them still there." The defendant (appellant) insists that he has successfully carried the burden of proving his plea of payment, and that it was reversible error for the judge (the trior of both law and facts) to have held against him; and his counsel first assumes that defendant's own check was accepted by plaintiff without condition, and then says: "It is well established that where a person, entitled to be paid in money for goods sold, accepts a check or draft, good at the time it is given, he cannot afterwards hold the person paying in that way, even though the paper should be dishonored when presented for payment." But this is not a correct statement of the law, for he must accept it in payment of the debt. However, it is true that, if a creditor receives from his debtor the check or note of a third person contemporaneously with the contracting of the debt, the presumption is that it was agreed to be taken in payment, and the burden of proving the contrary rests on the creditor. This is the rule as regards a present debt, but it is different in respect to a precedent debt; for, where the note or bill of a third person is received on a precedent debt, the presumption is that it was not taken as payment, and the burden of establishing that it was agreed to be so taken is upon the debtor. But in neither case is the presumption conclusive, and in either it can be overcome by proof of an agreement contrary to the presumption. In this case the debt antedates this transaction, the check was the debtor's own, and the creditor did not receive it in silence; and yet his counsel insists that the legal presumption is that it was taken in accord and satisfaction of the debt, notwithstanding his client produced it on the trial, unpaid, and unindorsed by the payee. That appellant will be called upon for about $200 costs is due entirely to his improper effort to pay only the principal of a just debt, which his creditor is compelled to collect by suit, and to avoid the payment of less than $20 interest and costs accrued by reason of his own default. The defendant did not except to the findings of the court, nor did he make requests to find. The judgment is affirmed, with costs.